**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE R. ALLMON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-9300 |
| | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| JACOB J. LEW, as Secretary of the | ) | |
| Treasury, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss or alternatively for summary judgment [17] filed

by Defendant Jacob J. Lew, as Secretary of the Treasury. Defendant argues that Plaintiff's

complaint should be dismissed, or that summary judgment should be entered in his favor,

because Plaintiff failed to timely exhaust available administrative remedies before filing suit in

federal court. For the reasons set forth below, the Court grants summary judgment in favor of

Defendant and against Plaintiff.

## I.  Background[1]

Pro se Plaintiff Joyce Allmon, a federal employee of the Office of the Comptroller of the

Department of the Treasury, alleges that she was harassed by two managers on July 19, 2012 and

subjected to a hostile work environment. See [1], Compl. at 1. Plaintiff alleges that she is owed

---

[1] The following facts are taken from the complaint and Defendant's Local Rule 56.1 Statement of
Material Facts. Plaintiff failed to respond to Defendant's Fact Statement, and as a result, each of
Defendant's statements of fact is deemed admitted for purposes of summary judgment. See *Malec v.
Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("[T]he penalty for failing to properly respond to a
movant's 56.1(a) statement is usually summary judgment for the movant * * * because the movant's
factual allegations are deemed admitted."); *Stines-Banks v. Donahoe*, 2011 WL 4409679, at *1 (N.D. Ill.
Sept. 20, 2011) (explaining that the defendant's Rule 56.1 statement of facts was deemed admitted at
summary judgment because the plaintiff did not file a response).

$12,000 in lost wages and that has she been in therapy for 16 months as a result. See *id.* Plaintiff further alleges that she filed "an EEO" against her managers (presumably an administrative complaint), but that it was denied because she filed it four days late, due to "severe emotional distress." *Id.* Plaintiff appealed the denial to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the decision. See *id.* Plaintiff then requested reconsideration of the EEOC's decision, which was denied on October 24, 2013. See *id.* at 1–3. Plaintiff attached the EEOC's reconsideration decision to her complaint. That decision informed Plaintiff that she had a right to file a civil action within 90 days. See *id.* at 3. The EEOC's decision provides additional details about the incident of alleged harassment. Specifically, Plaintiff complained of discrimination on the bases of race, color, and age after she was "singled out by her manager and his supervisor during a group meeting and told that she was incompetent, non-communicative, and lazy." *Id.* at 2.

Plaintiff filed suit in federal court on December 30, 2013. Defendant filed the instant motion on June 13, 2014. Plaintiff did not oppose the motion, despite the Court providing her with a deadline to file a response brief during a status hearing on June 19, 2014, see [22]. Defendant also provided Plaintiff with a Local Rule 56.2 Notice [20], which instructs pro se litigants on how to respond to a motion for summary judgment. Defendant's Local Rule 56.1 Statement [19], provides additional details about the factual and procedural history that preceded Plaintiff's civil complaint.

The day after the alleged incident of harassment, Plaintiff contacted the Department of the Treasury's EEO office and reported that she was subjected to a hostile work environment because of her race. [19], Def.'s L.R. Stmt. ¶ 1. On July 31, 2012, Plaintiff received and signed an "EEO Complaint Process Notice of Rights and Responsibilities," in which Plaintiff

acknowledged by signature that she had 15 calendar days to file a formal complaint of discrimination with the Department of the Treasury after receiving notice of her right to do so. See *id.* at ¶ 2. An EEO counselor also advised Plaintiff about the 15-day filing limit. *Id.* at ¶ 5. Plaintiff received notice of her right to file a formal complaint of discrimination on September 20, 2012, but she did not file her complaint with the Department of the Treasury until October 9, 2012, more than 15 days later. See *id.* at ¶¶ 3–6; see also [19], Ex. 1. The Department of the Treasury dismissed Plaintiff's complaint as untimely, and the EEOC Office of Federal Operations affirmed. See *id.* at ¶ 7. Plaintiff timely filed her complaint in federal court within the 90-day deadline specified in the EEOC's October 24, 2013 letter, which denied Plaintiff's request for reconsideration of the EEOC's decision. See *id.* at ¶¶ 9–10.

## II.    Legal Standard

Defendant argues that the complaint should be dismissed with prejudice—or alternatively, that summary judgment should be granted in his favor—because Plaintiff failed to timely exhaust available administrative remedies before filing suit. In support, Defendant cites the complaint, which alleges that Plaintiff's administrative complaint was filed four days late. Defendant also relies on a number of documents that are not part of the complaint, including the notice letter that Plaintiff received regarding her right to file a formal administrative complaint, certified mail receipts from the postal service, the notice that Plaintiff signed (which sets forth her rights and responsibilities in initiating an administrative complaint), and a declaration by an EEO counselor. See [19], Def.'s L.R. Stmt., Exs. 1–3. Because the Court considers these documents and relies on Defendant's Local Rule 56.1 Statement (which largely is based on the documents) in assessing whether Plaintiff's complaint is barred, the Court treats Defendant's motion as one for summary judgment. See, *e.g., Berthold Types Ltd. v. Adobe Systems, Inc.*, 242

F.3d 772, 776 (7th Cir. 2001) ("A motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint[.]") (emphasis omitted); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993) ("In ruling on dismissal, the district court considered matters outside the pleading. This court may do [ ] by treating a motion to dismiss for failure to state a claim as a motion for summary judgment[.]"). As discussed earlier, the facts set forth in Defendant's Local Rule 56.1 Statement are deemed admitted for purposes of summary judgment, as Plaintiff did not file a response to Defendant's Rule 56.1 Statement.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson,* 477 U.S. at 252.

### III.     Discussion

Defendant argues that Plaintiff's complaint is barred, because she failed to timely file a discrimination complaint with the Department of the Treasury before filing her lawsuit in federal court.  Before asserting discrimination claims in a lawsuit, federal employees must "exhaust the administrative remedies available to them in a timely fashion."  *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)).  "One administrative remedy federal employees must pursue is the filing of a formal complaint of discrimination within 15 days of receiving notice of the right to do so."  *Id.* (citing 29 C.F.R. § 1614.106).  Subsequent lawsuits generally are barred when a plaintiffs fails to exhaust administrative remedies in a timely fashion.  See *id.*; see also *Angiulo v. U.S.*, 867 F. Supp. 2d 990, 999 (N.D. Ill. 2012) (dismissing complaint and entering judgment in favor of defendant, because plaintiff's administrative complaint was filed one day late in violation of the 15-day deadline).  Administrative deadlines are construed as statutes of limitations, see *Rennie v. Garrett*, 896 F.2d 1057, 1062–63 (7th Cir. 1990), and are subject to the doctrines of waiver, estoppel, and equitable tolling.  *Ester*, 250 F.3d at 1071.

Here, there is no dispute that Plaintiff failed to file a formal complaint of discrimination with the Department of the Treasury within 15 days of receiving notice of her right to do so; in fact, Plaintiff alleges in her complaint that she filed her "EEO [complaint] * * * four days late." [1], Compl. at 1.  Judgment therefore must be granted in favor of Defendant unless Plaintiff demonstrates that waiver, estoppel, or equitable tolling applies.  See *Ester*, 250 F.3d at 1071; *Angiulo*, 867 F. Supp. 2d at 999.  Although Plaintiff does not specifically allege that any one of these doctrines applies, the complaint suggests that Plaintiff seeks to invoke equitable tolling, as she alleges that her tardiness was due to severe emotional distress.

The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). The doctrine "allows a court to hear a case on the merits when administrative remedies were not exhausted in a timely fashion." *Douglas v. Potter*, 268 F. App'x. 468, 471 (7th Cir. 2008) (emphasis omitted). With respect to mental health issues, the Seventh Circuit has explained that "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (emphasis in original). Defendant contends that Plaintiff's alleged emotional distress did not prevent her from complying with the 15-day deadline for filing an administrative complaint, because she competently handled other aspects of her case. Specifically, Defendant points to the fact that Plaintiff participated in the EEO process immediately after the alleged incident of harassment took place and that she signed an acknowledgement of her rights and responsibilities, which set forth time limits for filing an administrative complaint. Plaintiff also filed her civil complaint on time, following the EEOC's denial of Plaintiff's request for reconsideration.

Plaintiff did not respond to this argument (or to Defendant's motion at all), thereby implying that she concedes this point. See *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (plaintiff's failure to file a response brief "leaves us to conclude * * * that [plaintiff] concede[s]" that complaint did not state a claim). Further, the Court agrees that based on the information before it—including Plaintiff's bare assertion of emotional distress in her complaint—that Plaintiff has not come forward with evidence sufficient to create a triable issue of fact as to her contention that her mental health issue was so severe that she was unable to

understand her legal rights or to file an administrative complaint in a timely manner. See *Miller*, 77 F.3d at 191; *Angiulo*, 867 F. Supp. 2d at 1001 (equitable tolling did not apply where plaintiff alleged that anxiety, stress disorders, and major depression increased impairment of concentration, focus, and energy, as allegations did not "suggest that Plaintiff was in fact prevented from filing his administrative complaint on a timely basis."). To the contrary, Plaintiff's other filings in the administrative process have been timely, thus undermining her contention that emotional stress caused by a single incident of harassment prevented her from complying with a deadline several months later.

In conclusion, the Court determines that Plaintiff's action is barred because she failed to timely file her administrative complaint with the Department of the Treasury and therefore failed to timely exhaust available administrative remedies before filing her civil suit. Nor has Plaintiff established that she is entitled to equitable tolling with respect to the missed deadline. The Court therefore grants summary judgment to Defendant.[2]

**IV.     Conclusion**

For all of the reasons stated above, the Court grants Defendant's motion for summary judgment [17] and enters judgment in favor of Defendant.

Dated:  February 5, 2015

Robert M. Dow, Jr.
United States District Judge

---

[2] Because Plaintiff's complaint is barred for failing to timely exhaust administrative remedies, the Court will not address Defendant's other argument that Plaintiff's complaint fails on the merits because Plaintiff did not sufficiently allege a hostile work environment claim.